IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL SCOTT BRADSHAW JR., <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, <br><br> Defendant. | **MEMORADUM DECISION AND ORDER** <br><br> Case No. 2:23-cv-00811-RJS <br><br> Chief Judge Robert J. Shelby |

Now before the court is Plaintiff Michael Scott Bradshaw Jr.'s Motion for Secrecy[1] and Motion for Temporary Restraining Order (TRO Motion).[2]  For the reasons provided below, both Motions are denied.

## PROCEDURAL HISTORY

Bradshaw initiated this case in federal court on November 6, 2023.[3]  He asserts claims against the CIA under various federal and state laws, including the First, Second, and Fourth Amendments to the United States Constitution and "Utah stalking law."[4]  Bradshaw alleges individuals under the CIA's control have been following him for several years as part of the CIA's effort to recruit him.[5]  He also alleges he has "been a victim of government sponsored efforts to punish" him for his "political and religious views and also reprisals for having made FOIA requests."[6]  Attached to the Complaint is the "Statement of Michael Scott Bradshaw Jr.,"

---

[1] ECF 2, *Motion for Secrecy* [sealed].

[2] ECF 3, *TRO Motion* [sealed].

[3] ECF 1, *Complaint* [sealed].

[4] *Id.* at 3.

[5] *Id.* at 5–6; *see also* ECF 1-1, *Bradshaw Statement* [sealed].

[6] *Complaint* at 6.

1

which outlines the alleged stalking and harassment in more detail.[7]

With his Complaint, Bradshaw filed the Motion for Secrecy and the TRO Motion.  In the Motion for Secrecy, Bradshaw moves for "secrecy for this case" because it "contains matters of national security."[8]  He "requests the strictest protections for case-related materials."[9]  Bradshaw used a template for this Motion, and the in the space provided for the applicable "statute(s)/rule(s)," he put "clerk's office."[10]

Similarly, the TRO Motion does not cite any applicable rules, statutes, or case law.[11]  Nor does it recite any relevant factual allegations.[12]  The Motion simply refers to an Exhibit titled "Request for Relief," which is attached to the Complaint.[13]  In the Request for Relief, Bradshaw seeks a TRO, a permanent injunction, and money damages.[14]  Among other things, Bradshaw seeks an order preventing CIA personnel from following or gesturing to him, unless necessary for "an assignment or mission."[15]

---

[7] *Bradshaw Statement*.

[8] *Motion for Secrecy* at 1.

[9] *Id.*

[10] *Id.*

[11] *See TRO Motion*.

[12] *See id.*

[13] *Id.* at 1; *see also* ECF 1-2, *Request for Relief* [sealed].

[14] *Request for Relief* at 2–7.

[15] *Id.* at 4–6.

## ANALYSIS

Courts construe pro se filings liberally.[16] Bradshaw is representing himself, but he is also a licensed attorney,[17] so the court does not construe his filing liberally.[18]

The court first explains why the Motion for Secrecy is denied and then explains why the TRO Motion is denied.

### I. Motion for Secrecy

The court does not recognize a "Motion for Secrecy," but it understands Bradshaw to be requesting the court seal his case.[19] A party may move to seal a case under DUCivR 5-2. Among other things, the rule requires the movant to identify "the statute, rule, case law, or other basis permitting the court to seal the case."[20] Because "[c]ourt records are presumptively open to the public," "the sealing of civil cases is highly discouraged."[21]

Bradshaw's Motion does not comply with DUCivR 5-2 because it does not identify "the statute, rule, case law, or other basis permitting the court to seal the case."[22] The Motion identifies "clerk's office" as the applicable statute or rule, which is insufficient. The Motion is thus denied.

---

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *See Bradshaw Statement* at 8 (stating he represented his political party "as an election-day attorney"). The Utah State Bar Member Directory lists "M. Scott Bradshaw Jr" as an active attorney, and the accompanying phone number is the same phone number listed on Bradshaw's filings. *Compare M. Scott Bradshaw Jr*, Utah State Bar Member Directory (Nov. 13, 2023), https://services.utahbar.org/Member-Directory/Profile?customercd=8048, *with Complaint* at 1; *see also Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (noting courts may take judicial notice of facts which are a matter of public record).

[18] *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." (citation omitted)).

[19] *See Request for Relief* at 3 (requesting "Sealing").

[20] DUCivR 5-2(c)(1)(B).

[21] *Id.* R. 5-2(a).

[22] *See id.* R. 5-2(c)(1)(B).

## II.   TRO Motion

To obtain a temporary restraining order, the movant must show (1) a substantial likelihood of success on the merits, (2) irreparable harm unless the TRO is issued, (3) the threatened injury outweighs the harm the TRO may cause the opposing party, and (4) the TRO will not adversely affect the public interest.[23]  A temporary restraining order is an extraordinary remedy and "the exception rather than the rule."[24]  Thus, the movant's right to the TRO must be "clear and unequivocal."[25]

As an initial matter, the court does not construe Bradshaw's Motion as a request for ex parte relief.  Under Rule 65 of the Federal Rules of Civil Procedure, the court may issue a TRO "without written or oral notice to the adverse party."[26]  But to obtain an ex parte TRO, the movant's attorney must certify "in writing any efforts made to give notice and the reasons why it should not be required."[27]  Bradshaw's TRO Motion did not indicate he was seeking ex parte relief, and he did not file an attorney certification.[28]  Accordingly, the court does not construe his Motion as a request for an ex parte TRO.

The court denies Bradshaw's Motion because it lacks factual and legal analysis.  In his Motion, Bradshaw did not acknowledge the four showings necessary for a TRO, let alone try to demonstrate they are satisfied.[29]  For example, he did not explain why he is likely to succeed on

---

[23] *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020); *see also Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002) (unpublished) (stating the requirements for a TRO and preliminary injunction are the same).

[24] *Id.* (quoting *United States ex rel. Citizen Band Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888 (10th Cir. 1989)).

[25] *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Wilderness Workshop v. BLM*, 531 F.3d 1220, 1224 (10th Cir. 2008)).

[26] Fed. R. Civ. P. 65(b)(1).

[27] *Id.* R. 65(b)(1)(B).

[28] *See TRO Motion*.

[29] *See id.*

4

the merits, nor did he identify the irreparable harm that is likely to occur without a TRO.[30] Instead, he simply cited his Request for Relief.[31] And reviewing Bradshaw's filing on its own, the court is not convinced he has alleged facts showing he is entitled to a TRO. Because his right to relief is not "clear and unequivocal," the TRO Motion is denied.

## CONCLUSION

For the reasons provided, Bradshaw' Motion for Secrecy[32] is denied, and his TRO Motion[33] is denied without prejudice.

SO ORDERED this 13th of November 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[30] *See id.*

[31] *Id.* at 1.

[32] ECF 2.

[33] ECF 3.