IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL SCOTT BRADSHAW JR., <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, <br><br> Defendant. | **MEMORADUM DECISION AND ORDER** <br><br> Case No. 2:23-cv-00811-RJS <br><br> Chief Judge Robert J. Shelby |

Now before the court is Plaintiff Michael Scott Bradshaw Jr.'s Motion to Seal Case[1] and Motion for Temporary Restraining Order (TRO Motion).[2] For the reasons provided below, both Motions are denied.

## PROCEDURAL HISTORY

Bradshaw initiated this suit against the CIA on November 6, 2023.[3] He asserts various claims, including claims under the First, Second, and Fourth Amendments to the United States Constitution.[4] He alleges that since 2017, CIA agents have stalked and harassed him while trying to recruit him.[5] He also alleges he has "been a victim of government sponsored efforts to punish [him] for [his] political and religious views" and for filing Freedom of Information Act requests.[6] He states he has begun to fear for his safety, leading him to buy two handguns he

---

[1] ECF 10, *Motion to Seal Case*.

[2] ECF 9, *TRO Motion*.

[3] ECF 1, *Complaint*.

[4] *Id.* at 3.

[5] *Id.* at 6.

[6] *Id.*

1

carries "frequently when out of the home."[7]  Among other things, Bradshaw seeks $1 million in damages and an order enjoining the CIA from stalking or harassing him.[8]

Bradshaw attached a fifteen-page Statement to his Complaint.[9]  The Statement details several incidents of alleged stalking and harassment.[10]  For example, he alleges there is a group of CIA operatives within the Church of Jesus Christ of Latter-day Saints (of which he is a member) that tries to recruit him while he is worshipping.[11]  He also states the operatives use secret gestures to communicate with him.[12]

With his Complaint, Bradshaw filed a Motion for Secrecy[13] and a TRO Motion.[14]  The court denied the Motion for Secrecy because it did not comply with the local rule requiring the movant to identify "the statute, rule, case law, or other basis permitting the court to seal the case."[15]  The court denied the TRO Motion because Bradshaw did not address the four required showings necessary for a temporary restraining order.[16]

Bradshaw has since filed a Motion to Seal his case[17] and a second TRO Motion.[18]  He

---

[7] *Id.*

[8] ECF 1-2, *Request for Relief*.

[9] ECF 1-1, *Bradshaw Statement*.

[10] *See, e.g., id.* at 2 (incident at an Apple Store in October 2023); *id.* at 4 (incident at an FBI building in 2019); *id.* at 7 (incident on a plane in August 2021); *id.* at 10 (incident at dentist appointment).

[11] *Id.* at 1; *see also id.* at 4 ("As mentioned above, since June 2019, I have frequently been subjected to CIA efforts to intimidate or to cause me harm in a worship setting.  Temple officiators, temple workers, temple patrons and missionaries, affiliated with CIA have frequently made discourteous gestures . . . .").

[12] *See, e.g., id.* at 1 ("These CIA personnel often make discourteous gestures known [in] the intelligence community.  The gestures indicate disagreement, dislike and 'listen to me' and 'no' and the like.").

[13] ECF 2, *Motion for Secrecy*.  The court construed the Motion for Secrecy as a Motion to Seal.  ECF 7, *Nov. 14, 2023 Memorandum Decision & Order* at 3.

[14] ECF 3, *First TRO Motion*.

[15] *Nov. 14, 2023 Memorandum Decision & Order* at 3 (quoting DUCivR 5-2(c)(1)(B)).

[16] *Id.* at 4–5.

[17] ECF 10.

[18] ECF 9.

2

also filed a second Statement, recounting new incidents of alleged stalking and harassment.[19] The second Statement repeats Bradshaw's belief that CIA agents communicate with him through hand gestures.[20]

## ANALYSIS

The court will first explain why the Motion to Seal Case is denied and then why the TRO Motion is denied. As explained in the court's previous Order, although Bradshaw is representing himself, he is a licensed attorney, so the court does not construe his filings liberally.[21]

### I. Motion to Seal Case

The court denies Bradshaw's Motion to Seal Case because he has not identified an adequate basis for sealing the case.

"Court records are presumptively open to the public. Unless restricted by statute or court order, the sealing of civil cases is highly discouraged."[22] A party moving to seal an existing case "must identify the statute, rule, case law, or other basis permitting the court to seal the case."[23] The court may order a case sealed in "extraordinary circumstances."[24] Bradshaw argues three bases justify sealing his case.[25] As explained below, the court concludes none of the bases justify sealing the case.

---

[19] ECF 8-1, *Second Bradshaw Statement*. Bradshaw also provided a version of his original Statement with paragraph numbers. ECF 8-2, *Numbered Bradshaw Statement*.

[20] *See, e.g.*, *Second Bradshaw Statement* ¶ 12 ("His use of gestures was conspicuous, so much so that I can credit him for having 'taught' me some gestures by repeated use in specific public (worship) contexts.").

[21] *Nov. 14, 2023 Memorandum Decision & Order* at 3; *see also Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." (citation omitted)). Bradshaw states he is representing himself "without a lawyer," but he does not challenge the court's conclusion that he is a licensed attorney. *See TRO Motion* at 2.

[22] DUCivR 5-2(a).

[23] *Id.* R. 5-2(c)(2).

[24] *Id.* R. 5-2(a).

[25] *Motion to Seal Case*.

3

First, Bradshaw argues his case should be sealed under 18 U.S.C. § 798(a), which makes it unlawful to disclose certain classified information to unauthorized persons.[26] Bradshaw argues § 798(a) applies here because "the system of hand gestures used by CIA personnel, contractors and allied intelligence agencies is undoubtedly classified or protected by contractual obligations of confidentiality."[27] While Bradshaw's Statements vaguely refer to gestures used by people Bradshaw interacts with, he has not provided sufficient information for the court to conclude the gestures are classified. Perhaps anticipating this problem, Bradshaw contends he "is not aware of [the gestures'] particular classification" because he has not yet been onboarded with the CIA.[28] Regardless, Bradshaw's belief that CIA agents are communicating with him through hand gestures is insufficient to show this case involves classified information.

Second, Bradshaw argues this case should be sealed under the United States District Court for the District of Utah's General Order 21-002.[29] That General Order outlines procedures and requirements for filing highly sensitive documents.[30] Bradshaw contends his filings are highly sensitive because they involve "national security," "foreign sovereign interests," and "[i]nformation that, if disclosed, would risk the safety of public officials or the integrity of governmental operations."[31]

As already explained, Bradshaw's references to hand gestures are too vague to warrant sealing the case. But Bradshaw also argues national security is implicated by other incidents

---

[26] *Id.* at 2–4. Bradshaw specifically cites 18 U.S.C. § 798(a)(1), (3), (4). *Id.*

[27] *Id.* at 3; *see also id.* ("Moving Party believes these gestures constitute a code or cryptographic system as referred to in 18 US Code § 798(a)(1).").

[28] *Id.*

[29] *Id.* at 8–9. *See also id.* at 9 (citing DUCivR 5-1(b)(4), which states highly sensitive material "must be hand-delivered or mailed to the Clerk's Office for filing").

[30] General Order 21-002 at 1.

[31] *Motion to Seal Case* at 8–9 (quoting General Order 21-002 at 1).

outlined in his Statements.[32]  For example, he argues his filings reveal "the code name of one or more CIA operatives,"[33] "the existence of a sizeable contingent in CIA of Latter-day Saints, including within Church employment and in leadership of foreign congregations of the Church,"[34] and "the use of doubles by CIA."[35]  Having carefully reviewed Bradshaw's filings, the court concludes these allegations are too speculative and unsupported to justify a finding that Bradshaw's filings are highly sensitive documents.

Third, Bradshaw argues "extraordinary circumstances" exist because his filings pertain to national security, the "activities of the CIA or allied agencies in the activities and meetings of his church," and the safety of himself and others.[36]  Having carefully reviewed Bradshaw's filings, the court concludes Bradshaw's statements are too conjectural and unsupported for the court to conclude extraordinary circumstances exist.[37]

For these reasons, the Motion to Seal Case is denied.

## II. TRO Motion

The court denies Bradshaw's pending TRO Motion for the same reason it denied his first TRO Motion—he has not addressed the four required showings necessary for a temporary restraining order.[38]

To obtain a temporary restraining order, Bradshaw must show (1) a substantial likelihood

---

[32] *Id.* at 5–7.

[33] *Id.* at 5.

[34] *Id.*

[35] *Id.* at 7.

[36] *Id.* at 2; *see also id.* at 4.

[37] *See also infra* Section II (concluding Bradshaw has not shown irreparable harm is likely).

[38] *See Nov. 14, 2023 Memorandum Decision & Order* at 4–5.  As with the first TRO Motion, the pending TRO Motion does not include an attorney certification or indicate it is a request for ex parte relief.  *See id.* at 4; *see also* Fed. R. Civ. P. 65(b)(1)(B).  Accordingly, the court does not construe the pending TRO Motion as a request for ex parte relief.

of success on the merits, (2) irreparable harm unless the TRO issues, (3) the threatened injury outweighs the harm the TRO may cause the opposing party, and (4) the TRO will not adversely affect the public interest.[39]  A temporary restraining order is an extraordinary remedy and "the exception rather than the rule."[40]  Thus, Bradshaw's right to the TRO must be "clear and unequivocal."[41]

Bradshaw's TRO Motion focuses exclusively on irreparable harm.[42]  He argues "he is under threats of irreparable harm to his (i) safety, (ii) emotional well-being, (iii) reputation and (iv) the disturbance and interference of his right to worship as he chooses."[43]  Bradshaw then recounts several incidents of alleged stalking and harassment he believes show a likelihood of irreparable harm without a TRO.[44]  However, the conclusions he draws from these incidents are too speculative to demonstrate a likelihood of immediate, irreparable harm.[45]

For example, as evidence that irreparable harm is likely, Bradshaw cites an alleged death threat he received on October 28, 2023.[46]  The threat involves a series of events, which began while Bradshaw was living in Germany.[47]  Ice crystals would sometimes form on his skylight, and he took photos of them because they looked like sharks.[48]  After moving back to the United

---

[39] *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020).

[40] *Id.* (quoting *United States ex rel. Citizen Band Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888 (10th Cir. 1989)).

[41] *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Wilderness Workshop v. BLM*, 531 F.3d 1220, 1224 (10th Cir. 2008)).

[42] *TRO Motion*.

[43] *Id.* at 2.

[44] *Id.* at 2–9.

[45] *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (explaining "[p]urely speculative harm will not suffice").

[46] *TRO Motion* at 2–3 (citing *Numbered Bradshaw Statement* ¶¶ 32–33).

[47] *Numbered Bradshaw Statement* ¶ 32.

[48] *Id.*

States, he saw "a large rubber great white shark hanging from a tree" near a temple where he worshipped.[49]  He concludes this demonstrates the CIA accessed his shark photos and recreated them as an anti-religious statement.[50]  And on October 28, Bradshaw saw somebody wearing a t-shirt with a shark outline and the words "You Die."[51]  He concludes that although this was possibly a coincidence, "it very well could be a death threat."[52]

This alleged injury—as well as the others cited by Bradshaw[53]—is too speculative to demonstrate immediate, irreparable harm is likely.  But even if Bradshaw had shown a likelihood of irreparable harm, his TRO Motion did not attempt to address the other three showings necessary for a TRO.  Accordingly, Bradshaw's TRO Motion is denied.

## CONCLUSION

For the reasons provided, Bradshaw's Motion to Seal Case[54] and TRO Motion[55] are denied.

SO ORDERED this 14th of December 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[49] *Id.* ¶ 31.

[50] *Id.* ¶ 33.

[51] *Id.*; *see also TRO Motion* at 2.

[52] *Numbered Bradshaw Statement* ¶ 33.

[53] To provide another example, Bradshaw argues he was nearly hit by a vehicle with the license plate "3NOEY." *TRO Motion* at 3.  He contends "3NOEY" is a message from the CIA referencing his "hesitation to work on a close (or intimate) basis with two or three CIA females."  *Id.*; *see also Second Bradshaw Statement* ¶¶ 29–30.

[54] ECF 10.

[55] ECF 9.